

1  Gregory A. Wedner, SBN 067965
   Sloan R. Simmons, SBN 233752
2  **LOZANO SMITH**
   2000 Crow Canyon Place, Suite 200
3  San Ramon, CA 94583-1344
   Telephone: (925) 302-2000
4  Facsimile: (925) 302-2010

5  Attorneys for Defendants
   ALAMEDA UNIFIED SCHOOL DISTRICT,
6  ALAMEDA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION,
   ALAN NISHINO, ARDELLA DAILEY,
7  DAVID WAX, and THERESA ANDERBERG

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 LINDA PEDRAZA et al.,                      )  CASE NO. 3:07-cv-04781-MEJ
                                              )
12              Plaintiffs,                   )  **NOTICE OF MOTION AND
                                              )  MEMORANDUM OF POINTS AND**
13 v.                                         )  **AUTHORITIES IN SUPPORT OF
                                              )  DEFENDANTS' MOTION TO DISMISS**
14 ALAMEDA UNIFIED SCHOOL DISTRICT,           )  **CERTAIN CLAIMS AND DEFENDANTS
   and THE CALIFORNIA DEPARTMENT OF           )  IN THE FIRST, SECOND, THIRD, AND**
15 EDUCATION, THE ALAMEDA UNIFIED             )  **FOURTH CLAIMS FOR RELIEF OF**
   SCHOOL DISTRICT BOARD OF                   )  **PLAINTIFFS' COMPLAINT**
16 EDUCATION, ALAN NISHINO, individually      )
   and as Superintendent of the Alameda Unified )  **(Fed. R. Civ. P. 12)**
17 School District, ARDELLA DAILEY, as        )
   Superintendent of the Alameda Unified School )  DATE:     Jan. 10, 2008
18 District, DAVID WAX, individually and as   )  TIME:     10:00 a.m.
   Special Education Director of the Alameda  )  ROOM:     B, 15th Floor
19 Unified School District, THERESA           )  TRIAL:    None Set
   ANDERBERG, as Special Education Director   )
20 of the Alameda Unified School District,    )
   CALIFORNIA DEPARTMENT OF                   )
21 EDUCATION and JACK O'CONNELL, as           )
   State Superintendent of Public Instruction for )
22 the State of California,                   )
                                              )
23              Defendants.                   )
   _____ )
24 ///

25 ///

26 ///

27 ///

28 ///

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

GOVERNING LAW UNDER RULE 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    I.    THIS COURT SHOULD DISMISS ALL INDIVIDUAL DEFENDANTS FROM PLAINTIFFS' FIRST CLAIM BECAUSE THEY ARE IMPROPER DEFENDANTS IN A CIVIL ACTION UNDER THE IDEA. . . . . . . . . . . . . . . . . . . . 7

    II.    THIS COURT SHOULD DISMISS PLAINTIFFS' FIRST CLAIM TO THE EXTENT PLAINTIFFS SEEK PUNITIVE AND/OR COMPENSATORY DAMAGES BECAUSE SUCH DAMAGES ARE UNAVAILABLE UNDER THE IDEA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    III.    THIS COURT SHOULD DISMISS PLAINTIFFS' SECOND CLAIM IN ITS ENTIRETY BECAUSE PLAINTIFFS CANNOT PREDICATE A SECTION 1983 CLAIM ON ALLEGED IDEA VIOLATIONS. . . . . . . . . . . . . . . . . . . . . . . 11

    IV.    THIS COURT SHOULD DISMISS THE INDIVIDUAL DEFENDANTS FROM PLAINTIFF' THIRD CLAIM BECAUSE SECTION 504 DOES NOT PROVIDE FOR LIABILITY AGAINST INDIVIDUALS. . . . . . . . . . . . . . . . . . . . 12

    V.    PLAINTIFFS' REQUESTED PUNITIVE DAMAGES UNDER SECTION 504 IN THEIR THIRD CLAIM MUST BE DISMISSED, AS SUCH DAMAGES ARE UNAVAILABLE UNDER SECTION 504. . . . . . . . . . . . . . . . . . . . . . . . . . 14

    VI.    THIS COURT SHOULD DISMISS PLAINTIFFS' FOURTH CLAIM IN ITS ENTIRETY BECAUSE PLAINTIFFS CANNOT PREDICATE A SECTION 1983 CLAIM ON ALLEGED SECTION 504 VIOLATIONS. . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

LOZANO SMITH

2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss    -i-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

# TABLE OF AUTHORITIES

## Cases

**United States Supreme Court**

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*,
  126 S.Ct. 2455 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Barnes v. Gorman*,
  536 U.S. 181 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Bd. of Educ. v. Rowley*,
  458 U.S. 176 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Blessing v. Freestone*,
  520 U.S. 329 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sch. Comm. of Burlington v. Dept. of Educ.*,
  471 U.S. 359 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wilder v. Va. Hosp. Ass'n*,
  496 U.S. 498 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Will v. Mich. Dept. of State Police*,
  491 U.S. 58 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Ninth Circuit Appellate and District Courts**

*Alex G. v. Bd. of Trustees*,
  332 F.Supp.2d 1315 (E.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Barron v. Reich*,
  13 F.3d 1370 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Becker v. Oregon*,
  170 F.Supp.2d 1061 (D. Or. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

*Belanger v. Madera*,
  963 F.2d 248 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Blanchard v. Morton Sch. Dist.*,
  504 F.3d 771 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11, 12

*Blanchard v. Morton Sch. Dist.*,
  2006 WL 2459167 (W.D. Wash. Aug. 25, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Blanchard v. Morton Sch. Dist.*,
  2006 WL 1075222 (W.D. Wash. Apr. 20, 2006) (slip op.) . . . . . . . . . . . . . . . . . . . . . 8, 13

*Blanchard v. Morton Sch. Dist.*,
  410 F.3d 918 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                      -ii-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

1    *Buckley v. City of Redding,*
       66 F.3d 188 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Burges v. Carmichael,*
       37 Fed.Appx. 288 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*C.O. v. Portland Pub. Sch.,*
       406 F.Supp.2d 1157 (D. Or. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Chavez v. County of San Diego,*
       127 Fed. Appx. 335 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Clegg v. Cult Awareness Network,*
       18 F.3d 752 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cole v. Oroville Union High Sch. Dist.,*
       228 F.3d 1092 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Dept. of Educ. v. Katherine D.,*
       727 F.2d 809 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Doe ex rel. Doe v. State of Haw. Dept. of Educ.,*
       351 F.Supp.2d 998 (D. Haw. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15

*Eason v. Clark County Sch. Dist.,*
       303 F.3d 1137 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Gary v. Hawthron,*
       2007 WL 2781098 (S.D. Cal. Sept. 19, 2007) . . . . . . . . . . . . . . . . . . . . . . 15

*Gilligan v. Jamco Development Corp.,*
       108 F.3d 246 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ileto v. Glock Inc.,*
       349 F.3d 1191 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kutasi v. Las Virgenes Unified Sch. Dist.,*
       494 F.3d 1162 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lovell v. Chandler,*
       303 F.3d 1039 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Marcotte v. Monroe Corrections Complex,*
       394 F.Supp.2d 1289 (W.D. Wash. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mountain View-Los Altos Union High Sch. Dist. v. Sharron B.H.,*
       709 F.2d 28 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Parents of Student W. v. Puyallup Sch. Dist., No. 3,*
       31 F.3d 1489 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Pareto v. F.D.I.C.,*
       139 F.3d 696 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

///

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss      -iii-      Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

*Parks v. California,*
  2006 WL 3097965, (E.D. Cal. Oct. 31, 2006) ........................................ 13

*Pedraza v. Alameda Unified Sch. Dist.,*
  2007 WL 949603 (N.D. Cal. Mar. 27, 2007) ................................. 12, 14, 15

*Russell v. Dept. of Educ.,*
  2007 WL 2915616 (D. Haw. Oct. 2, 2007) (slip op.) ............................... 12

*Robb v. Bethel Sch. Dist.,*
  308 F.3d 1047 (9th Cir. 2002) ......................................................... 9

*Reid v. Petaluma Joint Union High Sch. Dist.,*
  2000 WL 1229059 (N.D. Cal. Aug. 21, 2000) ................................... 9, 10

*Taylor v. Honig,*
  910 F.2d 627 (9th Cir. 1990) ......................................................... 11

*Vinson v. Thomas,*
  288 F.3d 1145 (9th Cir. 2002) ................................................... 13, 15

*Witte v. Clark County Sch. Dist.,*
  197 F.3d 1271 (9th Cir. 1999) ....................................................... 11

*Wong v. Regents of the Univ. of Cal.,*
  192 F.3d 807 (9th Cir. 1999) ..................................................... 12, 13

*Zukle v. Regents of the Univ. of Cal.,*
  166 F.3d 1041 (9th Cir. 1999) ....................................................... 13

**Other Federal Appellate and District Courts**

*Bracey v. Buchanan,*
  55 F.Supp.2d 416 (E.D. Va. 1999) ................................................... 13

*Bradley v. Ark. Dept. of Educ.,*
  301 F.3d 952 (8th Cir. 2002) ......................................................... 8

*Calloway v. Boro of Glassboro Dept. of Police,*
  89 F.Supp.2d 543 (D.N.J. 2000) ..................................................... 13

*Charlie F. v. Bd. of Educ.,*
  98 F.3d 989 (7th Cir. 1996) ......................................................... 11

*Crocker v. Tenn. Secondary Sch. Athletic Ass'n,*
  980 F.2d 382 (6th Cir. 1992) ......................................................... 11

*Diaz-Fonseca v. Puerto Rico,*
  451 F.3d 13 (1st Cir. 2006) ........................................................... 8

*Emerson v. Thiel Coll.,*
  296 F.3d 184 (3d Cir. 2002) ......................................................... 13

*Garcia v. S.U.N.Y. Health Sciences Ctr.,*
  280 F.3d 98 (2d Cir. 2001) ........................................................... 13

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL. 925-302-2000  FAX 925-302-2010

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -iv-
Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

*Grzan v. Charter Hosp. of Northwest Ind.*,
    104 F.3d 116 (7th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hall by Hall v. Vance County Bd. of Educ.*,
    774 F.2d 629 (4th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Heidemann v. Rother*,
    84 F.3d 1021 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hiler v. Brown*,
    177 F.3d 542 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Huck v. Mega Nursing Servs., Inc.*,
    989 F.Supp.1462 (S.D. Fla. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lane v. Maryhaven Ctr. of Hope*,
    944 F.Supp. 158 (E.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Manecke v. Sch. Bd.*,
    762 F.2d 912 (11th Cir 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mitchell v. Mass. Dept. of Correction*,
    190 F.Supp.2d 204 (D. Mass. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Montez v. Romer*,
    32 F.Supp.2d 1235 (D. Col. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ortiz v. Fajardo*,
    133 F.Supp.2d 143 (D.P.R. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*P.N. & G.N. v. Greco*,
    282 F.Supp.2d 221 (D.N.J. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Rafferty v. Cranston Pub. Sch. Comm.*,
    315 F.3d 21 (1st Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Sellers v. Sch. Bd.*,
    141 F.3d 524 (4th Cir. 1998), *cert denied*, 525 U.S. 871 (1998) . . . . . . . . . . . . . . . . . 9-10, 10, 11

*Yeskey v. Commonwealth of Pa.*,
    76 F.Supp.2d 572 (M.D. Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Statutes, Rules, and Regulations**

**Code of Federal Regulations**

34 C.F.R. § 100.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

34 C.F.R. § 104.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

34 C.F.R. § 104.61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

34 C.F.R. § 300.346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

///

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

---

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                                            -v-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

**Federal Rules of Civil Procedure**

FED. R. CIV. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 6

**United States Code**

20 U.S.C. §§ 1400 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

20 U.S.C. § 1401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20 U.S.C. § 1412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20 U.S.C. § 1413 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20 U.S.C. § 1414 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20 U.S.C. § 1415 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

29 U.S.C. § 794 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

29 U.S.C. § 794a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**United States Constitution**

U.S. Const., XIV amend. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

**Other**

*M.P. v. Office of Administrative Hearings et al.*,
    Case No. C07-05989 EMC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pedraza v. Alameda Unified Sch. Dist. et al.*,
    Case No. C05-04977 VRW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -vi-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 10, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above entitled court located at 450 Golden Gate, San Francisco, CA 94102, in Room B on the 15th Floor, Defendants Alameda Unified School District ("District"), Alameda Unified School District Board of Education ("Board"), Alan Nishino, Ardella Dailey, David Wax, and Theresa Anderberg ("Individual Defendants") (collectively "Defendants"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, will and hereby do move this Court to dismiss Plaintiffs' Second and Fourth Claims in full, the Individual Defendants from Plaintiffs' First and Third Claims, Plaintiffs' requested monetary damages under their First Claim, and Plaintiffs' requested Punitive Damages under their Third Claim set forth in the Complaint filed by Plaintiffs Linda Pedraza and Francisco Pedraza, individually and on behalf of their son M.P. ("Plaintiffs").

This Motion is made as on the following grounds:

1.      Plaintiffs' First Claim fails to state a claim on which relief may be granted because the Individual Defendants are improper defendants in a civil action under the Individuals with Disabilities Education Improvement Act ("IDEA") (20 U.S.C. sections 1400 *et seq.*);

2.      Plaintiffs' requested relief of punitive and compensatory damages in their First Claim is unavailable under the IDEA;

3.      Plaintiffs' Second and Fourth Claims fail to state a claim on which relief may be granted because the IDEA and section 504 of the Rehabilitation Act of 1973 (29 U.S.C. section 794) ("section 504") enforcement schemes are so comprehensive as to preclude enforcement of rights under the IDEA or section 504 through 42 U.S.C. section 1983;

4.      Plaintiffs' Third Claim fails to state a claim on which relief may be granted to the extent Plaintiffs assert this claim against the Individual Defendants because the Individual Defendants are not recipients of federal funds for purposes of section 504 and, thus, are improper defendants; and

5.      Plaintiffs' request for punitive damages under their Third Claim is unavailable under section 504.

///

///

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -1-                    Pedraza et al. v. Alameda Unified Sch. Dist. et al.
                                                                Case No. 3:07-cv-04781-MEJ

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

1    This Motion is based on the instant Notice, the Memorandum of Points and Authorities submitted

2    herewith, all pleading in this action, as well as any and all evidence and arguments to be offered at the

3    hearing upon this Motion.

4    Dated: December _5_, 2007                    Respectfully submitted,

5                                                 LOZANO SMITH

6

7                                                 _____

8                                                 GREGORY A. WEDNER
                                                  SLOAN R. SIMMONS
9                                                 Attorneys for Defendants
                                                  ALAMEDA UNIFIED SCHOOL DISTRICT,
10                                                ALAMEDA UNIFIED SCHOOL DISTRICT
                                                  BOARD OF EDUCATION,
11                                                ALAN NISHINO,
                                                  ARDELLA DAILEY,
12                                                DAVID WAX, and
                                                  THERESA ANDERBERG
13   Q:\RAM_DOCS\00002\066\pld\SR053730.WPD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **INTRODUCTION**

3        On September 17, 2007, Plaintiffs Linda Pedraza and Francisco Pedraza, individually and on

4    behalf of their son M.P. (referred to collectively as "Plaintiffs"), filed a complaint asserting various

5    claims under the Individuals with Disabilities Education Improvement Act ("IDEA") (20 U.S.C. sections

6    1400 *et seq.*), section 504 of the Rehabilitation Act of 1973 (29 U.S.C. section 794) (referred to herein as

7    "section 504"), 42 U.S.C. section 1983 ("section 1983"), and the Fourteenth Amendment of the United

8    States Constitution.  Under the Complaint, Plaintiffs attempt to assert various civil rights damage and

9    discrimination claims, seeking compensatory education, reimbursement, attorneys' fees, compensatory

10   and punitive damages, as well as injunctive relief.  Plaintiffs assert these claims against the Alameda

11   Unified School District ("District"), the District's Board of Education ("Board"),[1] and numerous former

12   and current District administrators.  Individual defendants named are former District Superintendent

13   Alan Nishino, current District Superintendent Ardella Dailey, former District Director of Special

14   Education David Wax, and current District Director of Special Education Theresa Anderberg

15   ("Individual Defendants") (referred to collectively with the District and Board as "Defendants").

16   Plaintiffs also name the California Department of Education ("CDE") and State Superintendent of Public

17   Instruction Jack O'Connell as defendants (referred to collectively as "State Defendants").  In many ways,

18   Plaintiffs' Complaint mirrors the pending complaint Plaintiffs previously filed in this Court in *Pedraza*

19   *v. Alameda Unified School District et al.*, Case No. C05-04977 VRW, the Honorable Chief Judge

20   Vaughn R. Walker presiding.

21       This Motion presents a brief statement of facts first.  Next follows a summary of the pertinent law

22   under Rule 12.  Finally, the Motion demonstrates Defendants' entitlement to dismissal of claims and

23   defendants from Plaintiffs' Complaint, including: (1) the Individual Defendants from Plaintiffs' First

24   claim for relief under Rule 12(b)(6) for failure to state a claim on which relief may be granted because

25   they are improper defendants in a civil action under the IDEA; (2) the request for punitive (and

26

27       [1]  Although Plaintiffs refer to the District's Board as the Alameda *County* Board of Education

28   intermittently throughout their Complaint, the District and Board assume that Plaintiffs intend to and are
     referring to the Alameda *Unified School District* Board of Education.

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

1    implicitly compensatory) damages under Plaintiffs' First claim for relief because such damages are

2    unavailable under the IDEA; (3) the entirety of Plaintiffs' Second and Fourth claims for relief under

3    Rule 12(b)(6) for failure to state a claim on which relief may be granted because the IDEA and

4    section 504 enforcement schemes are so comprehensive as to preclude enforcement of rights under the

5    IDEA or section 504 through section 1983; (4) all Individual Defendants under Plaintiffs' Third

6    Claim for relief under Rule 12(b)(6) for failure to state a claim on which relief may be granted

7    because individuals are not recipients of federal funds for purposes of section 504 and, thus, are

8    improper defendants; and (5) Plaintiffs' request for punitive damages under their Third Claim,

9    because such relief is unavailable under section 504.

10                                    **STATEMENT OF FACTS**

11           On September 17, 2007, Plaintiffs filed, but did not serve, the Complaint. (Compl. at 1.) The

12    Complaint includes five claims for relief. Plaintiffs' First claim for relief ("First Claim") is under the

13    IDEA and seeks all available IDEA remedies, including compensatory education, reimbursement,

14    injunctive relief, as well as attorneys' fees and costs. (Compl. at 11:15-17.) Plaintiffs' First Claim also

15    expressly seeks punitive damages (and implicitly compensatory damages). (Compl. at 11, ¶ 40.)

16    Paragraphs 28 and 43 of the Complaint infer that Plaintiffs' First Claim is predicated on the special

17    education due process decision issued by the California Office of Administrative Hearings ("OAH") in

18    June 2007 (attached to the Complaint as Exhibit A), in which OAH found in favor of the District and

19    against Plaintiffs, on all issues heard and decided. (*See* Compl. at 9, ¶ 28, 11, ¶ 43, Ex. A.) Plaintiffs

20    assert their First Claim against all defendants, including the District, Board, Individual Defendants.

21    (Compl. at 9:4.)

22           Plaintiffs' Second claim for relief ("Second Claim") is raised under section 1983 and predicated on

23    alleged violations of the IDEA. (Compl. at 12:13-14.) Count One of the Second Claim is raised against

24    the State Superintendent and the Individual Defendants in their official capacities for injunctive relief.

25    (Compl. at 12:15-16.) Count Two of the Second Claim is raised against the Individual Defendants in

26    their individual capacities for monetary damages. (Compl. at 13:21–14:10.)

27           Plaintiffs' Third claim for relief ("Third Claim") is under section 504. (Comp. at 14:12-14.) The

28    Third Claim is raised against all defendants, including the District, the Board, and the Individual

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -4-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

1   Defendants. (Compl. at 14:13-14.)  Plaintiffs allege in the Third Claim that they suffered from

2   discrimination (and implicitly retaliation) under section 504 (Compl. at 14, ¶ 58), and seek remedies in

3   the form of punitive damages (Compl. at 14-15, ¶ 59) and all other available remedies under section 504

4   (Compl. at 15, ¶ 60).

5         Plaintiffs' Fourth claim for relief ("Fourth Claim") mirrors their Third Claim, except that Plaintiffs

6   attempt to predicate this claim under section 1983 for violations of section 504.  (Compl. at

7   15:11–17:13.)  Count One of the Fourth Claim is raised against the State Superintendent and the

8   Individual Defendants in their official capacities for injunctive relief.  (Compl. at 15:13-14.)  Count Two

9   of the Fourth Claim is raised against the Individual Defendants in their individual capacities for punitive

10  and retrospective, compensatory monetary damages.  (Compl. at 17:1-13.)

11        Plaintiffs' Complaint's Fifth claim for relief ("Fifth Claim") is asserted under section 1983 for

12  alleged violations of Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the

13  United States Constitution.  (Compl. at 17:15-16.)  Plaintiffs assert the Fifth Claim against the Individual

14  Defendants in their individual capacities (Compl. at 17:15-16), and seek punitive damages for this

15  alleged violations (Compl. at 18, ¶ 75).

16        As noted, Plaintiffs filed a similar complaint with this court in or around December 2005 in the

17  case entitled *Pedraza v. Alameda Unified School District et al.*, Case No. C05-04977 VRW.  On March

18  27, 2007, Chief Judge Vaughn Walker issued an Order in that case granting in part the District's and

19  Individual Defendants Motion to Dismiss numerous claims that parallel those raised in Plaintiffs'

20  Complaint here.

21        The District was constructively served with the Complaint when Linda Pedraza served the District

22  with a petition filed in Alameda County Superior Court to which the instant Complaint was attached as

23  an exhibit.  The District subsequently removed the state court action to this Court, where the action is

24  entitled *M.P. v. Office of Administrative Hearings et al.*, Case No. C07-05989 EMC.  Further, the

25  District filed both a Notice of Pendency of Other Actions regarding this case, Case No. *Pedraza v.*

26  *Alameda Unified School District et al.*, Case No. C05-04977 VRW, and *M.P. v. Office of Administrative*

27  *Hearings et al.*, Case No. C07-05989 EMC, and intends to file an Administrative Motion to Consider

28  Whether Cases Should Be Related.

2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

LOZANO SMITH

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                      -5-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

## GOVERNING LAW UNDER RULE 12

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint filed in federal court. (*Ileto v. Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003).)  In other words, a motion to dismiss under Rule 12(b)(6) requires a determination of whether the facts alleged in a complaint, if proven, would or could support a claim for relief. (*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).)  Dismissal of a claim or claims for relief pursuant to such a motion is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).)  As such, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. (*Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).)  When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. (*Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).)  However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).)

///

///

///

///

///

///

///

///

///

///

///

///

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                                    -6-
Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

1

**ARGUMENT**

2  **I.    THIS COURT SHOULD DISMISS ALL INDIVIDUAL DEFENDANTS FROM**

3  **PLAINTIFFS' FIRST CLAIM BECAUSE THEY ARE IMPROPER DEFENDANTS IN A CIVIL ACTION UNDER THE IDEA.**

4          The IDEA obligates California and other states to implement special education programs

5  consistent with its requirements in order to receive federal financial assistance. (20 U.S.C. § 1412.) A

6  local educational agency ("LEA") within California, such as the District, is eligible for financial

7  assistance under IDEA if "such agency submits a plan to the State educational agency" that the LEA

8  meets certain conditions set forth within the IDEA. (20 U.S.C. § 1413(a).) Under IDEA:

9

10      The term "local educational agency" means a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or

11      to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or for such

12      combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary schools or secondary schools.

13  (20 U.S.C. § 1401(19)(A).)

14          As such, the District must offer a free appropriate public education ("FAPE") to qualified students,

15  such as M.P., by developing an individualized education program ("IEP") for each special education

16  student on at least an annual basis. (20 U.S.C. §§ 1401(8)(D), 1412(a)(1)(A), (a)(4), 1414(d); 34 C.F.R.

17  § 300.346.) All of the IDEA's substantive and procedural requirements, including the provision of a

18  FAPE, the appropriate assessment of children with disabilities like M.P., and the appropriate

19  development, revision, and implementation of IEPs, adhere to a single entity for purposes of

20  implementation: the LEA, i.e., the District. The District, as opposed to the Individual Defendants, is

21  likewise the entity that may initiate or be subject to an impartial due process hearing complaint under the

22  IDEA. (*See* 20 U.S.C. § 1415(b)(6)(A)-(B), (f)(1)(A).) Finally, it is the LEA that bears responsibility

23  for the IDEA's remedies (e.g., compensatory education, reimbursement, and attorneys' fees and costs).

24  (*See Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1496-97 (9th Cir. 1994)

25  (discussing equitable remedies available against school district for violations of IDEA); 20 U.S.C. §

26  1412(a)(10)(C)(ii) (court or hearing officer may require agency to reimburse parents for cost of that

27  enrollment); 20 U.S.C. 1415 § (i)(3)(B) (award of attorneys' fees and costs to prevailing parent, State

28  educational agency, or LEA).)

LOZANO SMITH

2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                          -7-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

1     Under the above-described statutory structure, the Individual Defendants cannot be named in

2   Plaintiffs' First Claim.  First, any party aggrieved by a due process hearing decision "shall have the right

3   to bring a civil action with respect to the complaint presented pursuant to this section, which action may

4   be brought in any State court of competent jurisdiction or in a district court of the United States, without

5   regard to the amount in controversy." (20 U.S.C. § 1415(i)(2)(A).)  Here, Plaintiffs' First Claim asserts

6   a cause of action under the IDEA, presumably based on the alleged fact that Plaintiffs' are aggrieved by

7   the OAH's June 2007 due process decision in which the District prevailed and the Plaintiffs lost on all

8   issues heard and decided. (Compl., Ex. A.)  The District is the only adverse party named by Plaintiffs or

9   involved in the underlying special education due process decision. (Compl., Ex. A at 1.)  To the extent

10  Plaintiffs have any viable claims for relief or sought-after remedies arising from the June 2007 due

11  process decision under the IDEA, the District is the only proper party under a civil action appealing the

12  due process decision under the IDEA, 20 U.S.C. § 1415(i)(2)(A).

13     Second, as noted, only the District carries the responsibility and/or capability to provide the

14  Plaintiffs the remedies available under the IDEA.  The IDEA neither states nor intimates that the

15  employees or officers of LEAs may bear individual responsibility based on alleged failure to adhere to

16  the IDEA.  The few courts forced to examine whether individual liability may be derived from an alleged

17  violation of the IDEA have recognized that the IDEA does not permit any form of monetary relief (e.g.,

18  compensatory education, reimbursement, or damages) against individual defendants. (*Blanchard v.*

19  *Morton Sch. Dist.,* 2006 WL 2459167, at p. *22 (W.D. Wash. Aug. 25, 2006) (individual defendants

20  "may not be sued in their individual capacities under . . . the IDEA because . . ." the statute does not

21  provide for individual liability) (citing *Blanchard v. Morton Sch. Dist.,* 2006 WL 1075222, at p. *4

22  (W.D. Wash. Apr. 20, 2006) (slip op.); *C.O. v. Portland Pub. Sch.,* 406 F.Supp.2d 1157, 1172 (D. Or.

23  2005); *Becker v. Oregon,* 170 F.Supp.2d 1061, 1066-67 (D. Or. 2001); *accord Diaz-Fonseca v. Puerto*

24  *Rico,* 451 F.3d 13, 35 (1st Cir. 2006) (no claim for monetary relief can be stated against individual

25  defendants under IDEA); *Bradley v. Ark. Dept. of Educ.,* 301 F.3d 952, 957, fn. 6 (8th Cir. 2002) (IDEA

26  is devoid of textual support to support award of expenses against individual defendants); *Grzan v.*

27  *Charter Hosp. of Northwest Ind.,* 104 F.3d 116, 120 (7th Cir.1997).)

28  ///

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL. 925-302-2000  FAX 925-302-2010

---

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -8-                    Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

1    A contrary holding, i.e., that the Individual Defendants can be named in a civil action under the

2    IDEA, will necessarily imply that Individual Defendants could have and should have been named as

3    respondents in their individual capacities in the underlying due process hearing and resulting decision in

4    the consolidated OAH Case No. N2006090010, Case No. N2006100365, Case No. N200100740.

5    Plaintiffs did not name Individual Defendants as respondents in their individual capacities in OAH Case

6    No. N2006090010, Case No. N2006100365, or Case No. N200100740.  Consequently, even were this

7    Court to conclude that the IDEA permits individual liability, Plaintiffs' First Claim must nevertheless be

8    dismissed as against Individual Defendants for lack of subject matter jurisdiction due to Plaintiffs'

9    failure to exhaust administrative remedies in regard to Individual Defendants.  (*Kutasi v. Las Virgenes*

10   *Unified Sch. Dist.*, 494 F.3d 1162, 1167-69 (9th Cir. 2007) (discussing IDEA exhaustion of

11   administrative procedures and remedies prior to filing a complaint based on any claims or allegations for

12   which the IDEA may provide any or some degree of redress, whether or not the IDEA provides for the

13   specific remedies sought by a plaintiff); *Robb v. Bethel Sch. Dist.*, 308 F.3d 1047, 1049 (9th Cir. 2002)

14   (plaintiff cannot avoid the IDEA's exhaustion requirement merely by limiting a prayer for relief to

15   monetary damages).)

16       For each of the above-described reasons, collectively and individually, the Court should dismiss

17   Plaintiffs' First Claim as against all Individual Defendants.

18

19   **II.   THIS COURT SHOULD DISMISS PLAINTIFFS' FIRST CLAIM TO THE EXTENT
         PLAINTIFFS SEEK PUNITIVE AND/OR COMPENSATORY DAMAGES BECAUSE
20       SUCH DAMAGES ARE UNAVAILABLE UNDER THE IDEA.**

21       As noted, Plaintiffs' First Claim is raised under the IDEA.  (Compl. at 11:3-4, 11:3–12:11.)  In

22   Plaintiffs' First Claim, Plaintiffs expressly seek punitive damages (Compl. at 11, ¶ 40), and implied seek

23   compensatory damages (Compl. at 11, ¶ 42 [discussing abrogation of Eleventh Amendment immunity

24   relevant to suit for damages]), for the alleged violations of their rights under the IDEA.  Plaintiffs'

25   requested relief is inappropriate and unavailable under the IDEA.

26       The purpose of the IDEA is to provide a FAPE to children with disabilities—not to provide

27   students and parents with a tort-like claim for educational malpractice.  (*Reid v. Petaluma Joint Union*

28   *High Sch. Dist.*, 2000 WL 1229059, at p. *3 (N.D. Cal. Aug. 21, 2000) (quoting *Sellers v. Sch. Bd.*, 141

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL. 925-302-2000   FAX 925-302-2010

---

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -9-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

1  F.3d 524, 527 (4th Cir. 1998), *cert denied*, 525 U.S. 871 (1998)).)  As the Supreme Court has stated on

2  multiple occasions, to ensure the goal of a FAPE, Congress provided parents with a panoply of

3  procedural safeguards designed to involve the parents and school district in guaranteeing a FAPE for the

4  student in question.  (*See Sch. Comm. of Burlington v. Dept. of Educ.*, 471 U.S. 359, 368 (1985); *Bd. of*

5  *Educ. v. Rowley*, 458 U.S. 176, 206 (1982).)  Therefore, the Supreme Court has held that by

6  "empowering the court to grant 'appropriate' relief Congress meant to include retroactive reimbursement

7  to parents . . . payment of expenses that [the school district] should have paid all along, . . . [and] special

8  educational services." (*Sellers*, 141 F.3d at 527 (quoting *Burlington*, 471 U.S. at 370-71, 367-68).)

9  These types of awards are consistent with the goals of IDEA; they are "part and parcel" of a FAPE to

10 which the student is entitled.  (*Id.*)

11      In approving the above remedies in *Burlington*, the Supreme Court went out of its way to

12 emphasize that reimbursement of costs, like tuition, *should not* be characterized as "damages."

13 (*Burlington*, 471 U.S. at 370.)  As one federal appellate court noted in applying *Burlington*, the IDEA

14 permits reimbursement, but it did "not create a private cause of action for damages for educational

15 malpractice." (*Hall by Hall v. Vance County Bd. of Educ.*, 774 F.2d 629, 633 n.3 (4th Cir. 1985); *see*

16 *also Sellers*, 141 F.3d at 526; *Reid*, 2000 WL 1229059, at p. *2.)  Compensatory or punitive damages

17 would transform the IDEA into a tort claim for injuries caused by a lack of a FAPE, which would be in

18 direct conflict of the structure of the statute, "which so strongly favors the provision of and, where

19 appropriate, the restoration of educational rights." (*Sellers*, 141 F.3d at 527.)

20      Further, when Congress attaches conditions to a State's acceptance of federal funds (e.g., the

21 IDEA's requirements), the conditions must be clearly set forth. (*Arlington Cent. Sch. Dist. Bd. of Educ.*

22 *v. Murphy*, 126 S.Ct. 2455, 2458-63 (2006) (no expert fees under IDEA because statute did not clearly

23 provide for their recovery).)  There is no language in the IDEA clearly providing that damages of any

24 type are recoverable under IDEA.  Pursuant to the binding precedent of *Arlington*, damages are therefore

25 unavailable under IDEA.

26      Finally, Ninth Circuit law, consistent with the above authority, squarely holds that monetary

27 damages, compensatory or punitive, is not available in a civil action under the IDEA. (*Blanchard v.*

28 *Morton School District*, 504 F.3d 771, 773 (9th Cir. 2007) ("We have held that money damages are not

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

---

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                                    -10-
Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

1   available under the IDEA for the pain and suffering of a disabled child.") (citations omitted); *Blanchard*

2   *v. Morton Sch. Dist.*, 410 F.3d 918, 921 (9th Cir. 2005) ("Money damages for retrospective and non-

3   educational injuries are not available under the IDEA."); *Witte v. Clark County Sch. Dist.*, 197 F.3d

4   1271, 1275 (9th Cir. 1999) ("Plaintiff seeks only monetary damages, which is not 'relief that is available

5   under' the IDEA . . ."); *Alex G. v. Bd. of Trustees*, 332 F.Supp.2d 1315, 1319 (E.D. Cal. 2005) ("and,

6   most importantly, general compensatory damages are unavailable [under the IDEA].") (citation omitted);

7   *see also Taylor v. Honig*, 910 F.2d 627, 628 (9th Cir. 1990); *Mountain View-Los Altos Union High Sch.*

8   *Dist. v. Sharron B.H.*, 709 F.2d 28, 30 (9th Cir. 1983) .)  These decisions correspond with the view of

9   federal appellate courts across the nation. (*E.g.*, *Sellers*, 141 F.3d at 527-528; *Charlie F. v. Bd. of Educ.*,

10  98 F.3d 989, 991 (7th Cir. 1996) (compensatory damages unavailable); *Heidemann v. Rother*, 84 F.3d

11  1021, 1033 (8th Cir. 1996) (general or punitive damages unavailable); *Crocker v. Tenn. Secondary Sch.*

12  *Athletic Ass'n*, 980 F.2d 382, 386-87 (6th Cir. 1992) (compensatory or punitive damages unavailable);

13  *Manecke v. School Bd.*, 762 F.2d 912, 915 n.2 (11th Cir 1985).)

14      Consequently, this Court should dismiss Plaintiffs' First Claim to the extent Plaintiffs seek

15  monetary damages (compensatory or punitive) under the IDEA.

16

17  **III.   THIS COURT SHOULD DISMISS PLAINTIFFS' SECOND CLAIM IN ITS ENTIRETY**
       **BECAUSE PLAINTIFFS CANNOT PREDICATE A SECTION 1983 CLAIM ON**
18     **ALLEGED IDEA VIOLATIONS.**

19      A federal statutory right may be enforced through section 1983 if: "(1) Congress intended the

20  provision to benefit the plaintiff; (2) the right is not overly 'vague and amorphous'; and (3) the statute

21  unambiguously imposes a binding obligation on the states." (*Alex G.*, 332 F.Supp.2d at 1317 (citing

22  *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997)).)  Yet, even if these requirements are met, section

23  1983 will not provide an enforcement mechanism for a federal statutory right if Congress has

24  demonstrated a contrary intent. (*Id.* citing *Blessing*, 520 U.S. at 341).) Congress does not intend for a

25  federal statutory right to be enforced through section 1983 if the right is part of a "comprehensive

26  enforcement scheme that is incompatible with individual enforcement under [section] 1983." (*Id.*

27  (citation omitted).)

28  ///

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -11-        Pedraza et al. v. Alameda Unified Sch. Dist. et al.
                                                      Case No. 3:07-cv-04781-MEJ

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL. 925-302-2000  FAX 925-302-2010

1   Recently, the Ninth Circuit Court of Appeals, in *Blanchard v. Morton School District*, 504 F.3d

2   771, 774-75 (9th Cir. 2007), joined "the First, Third, Fourth, and Tenth Circuits . . ." to "hold that the

3   comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim

4   for the violation of rights under the IDEA." The Ninth Circuit's 2007 ruling in *Blanchard* is consistent

5   with the decisions the Ninth Circuit district courts such as *Alex G.*, 332 F.Supp.2d at 1317-19 (citing and

6   discussing *Dept. of Educ. v. Katherine D.*, 727 F.2d 809, 820 (9th Cir. 1983)), as well as this Court's

7   decision in *Pedraza v. Alameda Unified School District*, 2007 WL 949603, at p. * 9 (N.D. Cal. Mar. 27,

8   2007), involving the same parties as this case, and forecloses the viability of section 1983/IDEA claims

9   in the Ninth Circuit. (*E.g., Russell v. Dept. of Educ.*, 2007 WL 2915616, at p. *4 (D. Haw. Oct. 2, 2007)

10  (slip op.) (citing *Blanchard*, 504 F.3d 771.) As a result, Plaintiffs' Second Claim is not viable and there

11  is no question that this Court should dismiss it in full.[2]

12

13  **IV.  THIS COURT SHOULD DISMISS THE INDIVIDUAL DEFENDANTS FROM**
    **PLAINTIFFS' THIRD CLAIM BECAUSE SECTION 504 DOES NOT PROVIDE**

14  **FOR LIABILITY AGAINST INDIVIDUALS.**

15  Plaintiffs' Third Claim is based on section 504. (Compl. at 14:12-14; *see also* 29 U.S.C. §§ 794,

16  794a; 34 C.F.R. §§ 100.7(e), 104.61.) Plaintiffs allege that all of the defendants discriminated against

17  them under section 504. (Compl. at 14-15, ¶¶ 58-59.) However, Plaintiffs inappropriately state their

18  Third Claim against the Individual Defendants, who are not viable defendants under section 504.

19  In order for Plaintiffs to establish the basic *prima facie* case for discrimination under section 504

20  they must show that: (1) M.P. is disabled under section 504; (2) M.P. is otherwise qualified to participate

21  in the District's program; (3) he has been subject to discrimination by the relevant defendants solely

22  because of his disability; and (4) *the relevant defendants are recipients of federal funding*. (*See* 29

23  U.S.C. § 794(a); 34 C.F.R. § 104.4(a); *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir.

24  _____

25  [2]  Even if a section 1983 claim based on the IDEA was viable, Plaintiffs could not maintain such
    a claim against the District, Board, or Individual Defendants in their official capacities because of

26  Eleventh Amendment immunity and because such parties are not "persons" for purposes of section 1983.
    (*Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 n.4 (9th Cir. 2000) (citing *Belanger v.*

27  *Madera*, 963 F.2d 248, 251-54 (9th Cir. 1992) and *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71
    (1989)); *Burges v. Carmichael*, 37 Fed.Appx. 288, 292-93 (9th Cir. 2002); *Marcotte v. Monroe*

28  *Corrections Complex*, 394 F.Supp.2d 1289, 1294-95 (W.D. Wash. 2005) (citations omitted).)

LOZANO SMITH

2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

1   1999); *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).)  For purposes of

2   section 504 retaliation, 29 U.S.C. section 794a incorporates the remedies available under Title IV of the

3   Civil Rights Act of 1964 for individuals "aggrieved by any act or failure to act by any recipient of

4   Federal assistance" under section 504.  (29 U.S.C. § 794a(a)(2); *see* 34 C.F.R. § 104.61.)  These

5   remedies include a remedy for alleged retaliation.  (34 C.F.R. § 100.7(e); *see Rafferty v. Cranston Pub.*

6   *Sch. Comm.*, 315 F.3d 21, 27-28 & n.6 (1st Cir. 2002).)

7       Thus, a proper defendant under section 504, whether a claim is based on discrimination or

8   retaliation, must be a "recipient of federal funds."  (*See* 29 U.S.C. §§ 794(a), 794a(a)(2).)  Among the

9   "program[s] and activit[ies]" that can constitute a recipient of federal funds under section 504 is a "local

10  education agency."  (*Id.* § 794(b).)  However, individual school officials are not identified.  (*See id.*)

11      As a result, in near uniformity, federal courts have held that individual defendants cannot be sued

12  in their personal capacities under section 504 because they are not programs or activities receiving

13  federal funds.[3]  Courts within the Ninth Circuit are aligned with this majority view and hold that

14  individual defendants are not viable parties under a cause of action predicated on section 504.  (*Doe ex*

15  *rel. Doe v. State of Haw. Dept. of Educ.*, 351 F.Supp.2d 998, 1010-11 (D. Haw. 2004) (education case)

16  relying on reasoning in *Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002)); *Blanchard*, 2006

17  WL 1075222, at p. *4 ("Neither the ADA or Rehabilitation Act [section 504] provide for liability against

18  defendants sued in their individual capacity.") (citations omitted); *see also Parks v. California*, 2006 WL

19  3097965, at p. *9 (E.D. Cal. Oct. 31, 2006); *C.O.*, 406 F.Supp.2d at 1172; *Becker*, 170 F.Supp.2d at

20  1067 (prison case).)

21

22      [3]  (*Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (education case); *Garcia v. S.U.N.Y.*

23  *Health Sciences Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001) (education case); *Haler v. Brown*, 177 F.3d 542,
    545-56 (6th Cir. 1999) (employment retaliation case); *Grzan*, 104 F.3d at 120 (hospital case); *P.N. &*

24  *G.N. v. Greco*, 282 F.Supp.2d 221, 241 (D.N.J. 2003) (education case); *Mitchell v. Mass. Dept. of*
    *Correction*, 190 F.Supp.2d 204, 213 (D. Mass. 2002) (prison case); *Ortiz v. Fajardo*, 133 F.Supp.2d

25  143, 150 (D.P.R. 2001) (employment case); *Calloway v. Boro of Glassboro Dept. of Police*, 89

26  F.Supp.2d 543, 556-57 (D.N.J. 2000) (police interrogation case); *Yeskey v. Commonwealth of Pa.*, 76
    F.Supp.2d 572, 574-75 (M.D. Pa. 1999) (prison case); *Bracey v. Buchanan*, 55 F.Supp.2d 416, 420 (E.D.

27  Va. 1999) (education case); *Montez v. Romer*, 32 F.Supp.2d 1235, 1240-41 (D. Col. 1999) (prison case);

28  *Huck v. Mega Nursing Servs., Inc.*, 989 F.Supp.1462, 1464 (S.D. Fla. 1997) (employment case); *Lane v.*
    *Maryhaven Ctr. of Hope*, 944 F.Supp. 158, 164-65 (E.D.N.Y. 1996) (employment case).)

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000  FAX 925-302-2010

1    Here, Plaintiffs' Third Claim is asserted against all defendants. (Compl. at 14:13-14.) While not

2  conceding the point, the District and the Board are arguably recipients of federal funds. However, under

3  the above-described authority, the *Individual Defendants are not recipients of federal funds* for purposes

4  of section 504. Additionally, nowhere in Plaintiffs' Complaint are there allegations to support the

5  proposition that the Individual Defendants are recipients of federal funds. (*See* Compl. at 4:8–6:3,

6  14:12–15:10.) As such, the Court should dismiss Plaintiffs' Third Claim as it pertains to all Individual

7  Defendants.

8

9    **V.    PLAINTIFFS' REQUESTED PUNITIVE DAMAGES UNDER SECTION 504 AND
       THEIR THIRD CLAIM MUST BE DISMISSED, AS SUCH DAMAGES ARE
10      UNAVAILABLE UNDER SECTION 504.**

11    Plaintiffs request punitive damages under their Third Claim for alleged violations of section 504.

12  However, in *Barnes v. Gorman*, 536 U.S. 181, 187-89 (2002), the Supreme Court held that punitive

13  damages are unavailable under section 504: "Because punitive damages may not be awarded in private

14  suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in

15  suits brought under [section] 202 of the ADA and [section] 504 of the Rehabilitation Act." (*Gorman*,

16  536 U.S. at 189.) Courts in the Ninth Circuit have obviously followed the *Gorman* ruling. (*E.g.*, *Lovell*

17  *v. Chandler*, 303 F.3d 1039, 1048 n.3 (9th Cir. 2002); *Doe*, 351 F.Supp.2d at 1019; *see also Pedraza*,

18  2007 WL 949603, at p. *11.) Consequently, Plaintiffs' are barred from obtaining punitive damages

19  under section 504, and such relief should be dismissed from Plaintiffs' Third Claim.

20

21    **VI.    THIS COURT SHOULD DISMISS PLAINTIFFS' FOURTH CLAIM IN ITS
        ENTIRETY BECAUSE PLAINTIFFS CANNOT PREDICATE A SECTION 1983
22       CLAIM ON ALLEGED SECTION 504 VIOLATIONS.**

23    Plaintiffs' Fourth Claim rests on section 1983 and alleged violations of their rights under section

24  504. (Compl. at 15:11-12.) The Fourth Claim is not viable as a matter of law.

25    The same rule of law that prohibits Plaintiffs from using section 1983 as a vehicle to address their

26  alleged injuries under the IDEA prohibits Plaintiffs from using section 1983 as a vehicle to enforce their

27  alleged rights under section 504. Just as with the IDEA, through section 504, "Congress has foreclosed

28  citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

---

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -14-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ

1  comprehensive remedial scheme." (*Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) (citing

2  *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990)).)  Due to the comprehensive remedial structure of

3  section 504, Plaintiffs may not vindicate rights created by section 504 through a section 1983 action.

4  (*Vinson*, 288 F.3d at 1156; *Doe*, 351 F.Supp.2d at 1010-1011; *see also Chavez v. County of San Diego*,

5  127 Fed. Appx. 335, 336 (9th Cir. 2005); *Eason v. Clark County Sch. Dist.*, 303 F.3d 1137, 1145 (9th

6  Cir. 2002); *Gary v. Hawthron*, 2007 WL 2781098, at p. *4 (S.D. Cal. Sept. 19, 2007).)  As it has

7  previously ruled regarding Plaintiffs' prior similar claim, this Court should dismiss Plaintiffs' Fourth

8  Claim in its entirety.  (*Pedraza*, 2007 WL 949603, at pp. *8-9; *see also* footnote 2, *supra* (which

9  supplements equally the District's, Board's, and Individual Defendants' Part VI argument).)

10

11                                      **CONCLUSION**

12        For the foregoing reasons, the District, Board, and Individual Defendants request that this Court

13  grant their Motion and dismiss Plaintiffs' Second and Fourth Claims in full, the Individual Defendants

14  from Plaintiffs' First and Third Claims, Plaintiffs' request for monetary damages under their First Claim,

15  and Plaintiffs' request for Punitive Damages under their Third Claim.

16

17  Dated: December ___5___, 2007                    Respectfully submitted,

18                                                   LOZANO SMITH

19                                                   *[signature]*

20                                                   GREGORY A. WEDNER
                                                     SLOAN R. SIMMONS
21                                                   Attorneys for Defendants
                                                     ALAMEDA UNIFIED SCHOOL DISTRICT,
22                                                   ALAMEDA UNIFIED SCHOOL DISTRICT
                                                     BOARD OF EDUCATION,
23                                                   ALAN NISHINO,
                                                     ARDELLA DAILEY,
24                                                   DAVID WAX, and
                                                     THERESA ANDERBERG

25  Q:\RAM_DOCS\00002\066\pld\SR053730.WPD

26

27

28

LOZANO SMITH
2000 CROW CANYON PLACE, SUITE 200 SAN RAMON, CA 94583-1344
TEL 925-302-2000 FAX 925-302-2010

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -15-

Pedraza et al. v. Alameda Unified Sch. Dist. et al.
Case No. 3:07-cv-04781-MEJ