Vernon Goins, Esq. (CA Bar No. 195461)
TAYLOR, GOINS & STALLWORTH LLP
1330 Broadway, Suite 1701
Oakland, CA 94612
Telephone: (510) 893-9465
Facsimile: (510) 893-4228

Attorneys for Plaintiffs
LINDA PEDRAZA and FRANCISCO PEDRAZA,
individually and as guardians ad litem on behalf of their son
MICHAEL PEDRAZA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PEDRAZA and FRANCISCO PEDRAZA, individually and as guardians ad litem on behalf of their son MICHAEL PEDRAZA,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT, AND the CALIFORNIA DEPARTMENT OF EDUCATION, THE ALAMEDA COUNTY BOARD OF EDUCATION, ALAN NISHINO, individually and as superintendent of the Alameda Unified School District, ARDELLA DAILEY, individually and as superintendent of the Alameda Unified School District, DAVID WAX, individually and as Special Education Director of the Alameda Unified School District, THERESA ANDERBERG, as Special Education Director of the Alameda Unified School District, THE CALIFORNIA DEPARTMENT OF EDUCATION and JACK and O'CONNELL, as State Superintendent of Public Instruction for the State of California.<br><br>Defendants. | CASE NO. C05-04977 VRW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL FOR MICHAEL PEDRAZA, LINDA PEDRAZA AND FRANCISCO PEDRAZA**<br><br>Date: January 24, 2008<br>Time: 2:00 p.m.<br>Place: 450 Golden Gate Avenue, Rm. 6<br>         17th Flr., San Francisco, CA 94102<br>Judge: Hon. Vaughn R. Walker |

Vernon C. Goins and Taylor, Goins & Stallworth LLP, formerly Taylor & Goins LLP (hereinafter "Attorneys"), hereby respectfully submit the following memorandum of points and authorities in support of their motion to withdraw as counsel of record for Plaintiffs Linda Pedraza, Francisco Pedraza, individually and as guardians ad litem for their son, Michael Pedraza (hereinafter "Plaintiffs") in the above-entitled action.

## I.   INTRODUCTION

Attorneys seek to withdraw as counsel of record for Plaintiffs on the grounds that it has become unreasonably difficult for Attorneys to continue to represent Plaintiffs. The Court should grant Attorneys' motion because Plaintiffs have failed and refused to accept the advice and counsel of Attorneys and because Attorneys and Plaintiffs agree that Attorneys' representation of Plaintiffs should not continue.

## II.   FACTUAL SUMMARY

On December 1, 2005, Plaintiffs filed action number C05-04977, entitled *Pedraza v. Alameda Unified School District et al*. On February 26, 2007, this Court signed an order in that case granting Linda and Francisco Pedraza's petition to be appointed guardians ad litem for their son, Michael Pedraza.

For more than six months, irreconcilable disputes between Plaintiffs and Attorneys regarding the litigation strategy of case number C05-04977 have arisen. This dispute has eroded the relationship between Plaintiffs and Attorneys to such an extent that Plaintiffs have indicated that they do not wish for Attorneys to continue to represent Plaintiffs. On May 7, 2007, Plaintiffs filed a letter without Attorneys' knowledge requesting that the Court consider Plaintiffs' demand that Attorneys immediately withdraw as counsel for Plaintiffs. On May 8, this Court ordered that Plaintiffs and Attorneys meet with the Honorable Maria-Elena James regarding Attorneys'

1  continued representation of Plaintiffs.  On June 7, 2007, the Honorable Maria-Elena James held a
2  conference call with Attorneys and Plaintiffs regarding whether Attorneys should continue as
3  counsel of record for Plaintiffs.  Soon thereafter, on June 15, 2007, the Court issued an order
4  staying the case in light of the discussions of Attorneys' continuing representation of Plaintiffs
5  and pending settlement negotiations.  On November 1, 2007, the Honorable Maria-Elena James
6  issued an order setting a mandatory settlement conference for December 3, 2007 at 2:00 p.m.
7  All parties except for Mr. and Mrs. Pedraza attended the settlement conference.
8      On September 17, 2007, at the behest of Plaintiffs, Attorneys filed action number C 07-
9  04781 VRW, entitled *Pedraza v. Alameda Unified School District et al*.  It is unclear whether
10 Mr. and Mrs. Pedraza are in fact guardians ad litem for their son, Michael Pedraza, in this case,
11 as there is no order in the Court's docket appointing them as such.  Soon after this action was
12 filed, Mr. and Mrs. Pedraza disagreed with Attorneys' litigation strategy in filing this action, and
13 have since demanded, against Attorneys' advice, that the action be withdrawn.  Thereafter,
14 purporting to act *pro se*, Plaintiffs filed a Complaint entitled *Pedraza v. Office of Administrative*
15 *Hearings et al*, Alameda County Superior Court case number RG07356345 regarding the same
16 matter.  Subsequently, that matter was removed, assigned case number C 07-5989 VRW and has
17 since been related with the above two actions.  The superior court rejected Mr. and Mrs.
18 Pedraza's application to be appointed as guardians ad litem for their son, and there is no order in
19 this Court's docket appointing them guardians of their son.
20     On December 11, 2007, Plaintiffs filed a document with this Court in case number C05-
21 04977, renewing their request to have Attorneys terminated as their counsel of record.
22 **III.   LEGAL ARGUMENT**
23     **A.   Legal Standard on Motion to be Relieved as Counsel**
24 Counsel shall not withdraw from an action until relieved by order of the Court after
25 reasonable advance written notice has been given to the client and to all other parties who have

appeared in the case. Civil L.R. 11-5(a). When withdrawal by an attorney is not accompanied by simultaneous appearance of substitute counsel or an agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or *pro se*. Civil L.R. 11-5(b).

In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California. Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D. Cal 1992). Under those standards, an attorney may request permission to withdraw in matters where the client's conduct renders it unreasonably difficult for the attorney to represent the client effectively, or when the client knowingly and freely assents to the attorney's termination of employment. Cal. Rules of Professional Conduct Rules 3-700(C)(1)(d) and 3-700(C)(5). However, counsel is prohibited from withdrawing until reasonable steps have been taken to avoid reasonably foreseeable prejudice to the rights of the client, including giving the client due notice of counsel's intent to withdraw and allowing time for the client to obtain other counsel. Cal. Rules of Professional Conduct Rule 3-700(A)(2).

The decision to grant or deny a motion to withdraw is committed to the discretion of the trial court. Washington v. Sherwin Real Estate, Inc. (7th Cir. 1982) 694 F.2d 1081, 1087. Some courts have used various guidelines in determining whether to grant or deny a motion to withdraw, including: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. See Rusinow v. Kamara (D.N.J. 1996) 920 F.Supp. 69, 71; see also Haines v. Liggett Group, Inc., (D.N.J. 1993) 814 F.Supp. 414, 423.

### B. Attorneys Should be Relieved As Counsel Because It Has Become Unreasonably Difficult for Attorneys to Represent Plaintiffs Effectively

Circumstances have arisen between Attorneys and Plaintiffs such that Attorneys should be relieved as counsel of record for Plaintiffs from cases C05-04977 and C07-04781. However, a non-attorney parent or guardian cannot bring a lawsuit or defend an action in federal court on behalf of a minor without a lawyer, as the minor's right to trained legal assistance outweighs the parent or guardian's right to appear *pro se*. Johns v. County of San Diego (9th Cir. 1997) 114 F.3d 874, 876. Nevertheless, this rule does not bar an attorney guardian from prosecuting a lawsuit on behalf of the minor, and Francisco Pedraza is an attorney.

For more than six months, disagreements between Plaintiffs and Attorneys have resulted in Plaintiffs' request that Attorneys withdraw as counsel for Plaintiffs. Plaintiffs began to make ex parte communications with the Court, despite Attorneys' admonitions to refrain from doing so. Nevertheless, on May 7, 2007, Plaintiffs filed a letter requesting that the Court consider Plaintiffs' request that Attorneys immediately withdraw as counsel for Plaintiffs. On May 8, this Court ordered that Plaintiffs and Attorneys meet with the Honorable Maria-Elena James regarding Attorneys' continued representation of Plaintiffs. On June 7, 2007, the Honorable Maria-Elena James held a conference call with Attorneys and Plaintiffs regarding whether Attorneys should continue as counsel of record for Plaintiffs. As a result of this conference call, on June 15, 2007, the Court issued an order staying the case in light of the discussions regarding Attorneys' continuing representation of Plaintiffs and pending settlement negotiations. Various settlement conferences have been held before Judge James; however, at the most recent settlement conference on December 3, 2007, Plaintiffs failed to appear.

Despite the fact that Plaintiffs requested that Attorneys represent them to preserve their son's right to appeal a later OAH hearing, Plaintiffs disagreed with Attorneys' handling of the new suit regarding this later OAH hearing decision, and have filed another action *pro se*

1  addressing the same issues.  Thereafter, on December 11, 2007, Plaintiffs filed another document
2  in initial action C05-04977 – a renewed motion to dismiss Attorneys as their counsel of record.
3  <u>See</u> Declaration of Vernon C. Goins, Exh. A.
4      At this juncture, the disagreements between Attorneys and the Plaintiffs regarding how
5  the litigation should proceed are compromising the minor's right to trained legal assistance.
6  Despite Attorneys' ongoing urgings that Plaintiffs abide by court rules and Attorneys' attempts
7  to provide qualified representation of Plaintiffs, Plaintiffs continue to initiate ex parte
8  communications with the Court and fundamentally disagree with Attorneys' legal decisions and
9  strategy in prosecuting the instant action.  As a result, the relationship between Attorneys and
10 Plaintiffs has broken down to such an extent that Attorneys can no longer represent Plaintiffs in
11 this case.
12     Plaintiffs have unequivocally agreed that Attorneys should withdraw from the case, as
13 demonstrated by Plaintiffs' filing of a motion to dismiss Attorneys.  Furthermore, Attorneys'
14 withdrawal will likely have a positive effect on the speedy resolution of this case.  Currently, the
15 dispute between Plaintiffs and Attorneys is delaying the resolution of this case, as Plaintiffs
16 continue to dispute Attorneys' ongoing representation of Plaintiffs rather than focusing on the
17 merits of the action.
18     The fact that Linda and Francisco Pedraza are guardians ad litem for their son, Michael,
19 should have no bearing on the instant motion to withdraw, as Francisco Pedraza is an attorney,
20 and it appears that Plaintiffs will continue to disregard Attorneys' advice and file documents with
21 the Court purporting to represent themselves.  Furthermore, it is unclear whether Plaintiffs have
22 been appointed guardians ad litem for their son in action number C07-04781 – to date, this Court
23 has not yet issued an order appointing Plaintiffs as their son's guardian.  If Mr. Pedraza does not
24 agree to represent Plaintiffs, Attorneys will agree to accept service of all pleadings and other
25 filings in this action until Plaintiffs obtain new counsel as required by Civil Local Rule 11-5(b).

### IV. CONCLUSION

It has become unreasonably difficult for Attorneys to continue as counsel of record for Plaintiffs. Furthermore, Plaintiffs unequivocally agree that Attorneys should withdraw as counsel of record for Plaintiffs. For the foregoing reasons, Attorneys respectfully request that their motion to be relieved as counsel for Plaintiffs be granted.

Dated: December 12, 2007　　　　　　　　Respectfully submitted,
Oakland, California

　　　　　　　　　　　　　　　　　　　　TAYLOR, GOINS & STALLWORTH LLP


　　　　　　　　　　　　　　　　　　　　/s/ Vernon C. Goins
　　　　　　　　　　　　　　　　　　　　VERNON C. GOINS
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　　　LINDA PEDRAZA and FRANCISCO PEDRAZA,
　　　　　　　　　　　　　　　　　　　　individually and as guardians ad litem on behalf of
　　　　　　　　　　　　　　　　　　　　their son MICHAEL PEDRAZA