08 JUL 22 ᶠᴵᴸᴱᴰ

1   MR.& MRS. FRANCISCO PEDRAZA
    22 SOUZA COURT
    ALAMEDA,CA. 94502
2   (510)522-9232

3
    LINDA PEDRAZA, AS CO-PLAINTIFF
4   AND ON BEHALF OF MICHAEL PEDRAZA

5

6                  UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9   PEDRAZA et al,                    CASE NO. C07-05989VRW
                                               C07-04781VRW
    Plaintiff                                  C05-04977VRW
10
                                      PLAINTIFF'S STATEMENT
11  vs.                               OF OBJECTION AND CLERKS
                                      SECOND NOTICE AND MOTION
12                                    FOR SUBSTITUTION OF JUDGE
                                      CCP §170.3 (c)(1)
13

14  ALAMEDA UNIFIED SCHOOL DISTRICT
    et al,
                    Defendants
15  _____)

16

17

18

19

20

21

22

23

24

25
                              1

1    Linda Pedraza herein after "Co-Plaintiff" hereby respectfully

2   submits the following statement of objection to the July 10, 2008 hearing.

3   **See CCP §170.3(c)(1)** This court should take judicial notice that a

4   "timely" motion for substitution of judge was filed in this case on June

    27, 2008.

5   **I. INTRODUCTION**

6    Co-Plaintiff objects to the July 10, 2008 hearing on the grounds

7   that the Honorable Vaughn Walker has refused to disqualify himself;

8   subsequent to being notified on or about June 27, 2008 that Co-Plaintiff

9   pursuant to **28 U.S.C. §144** had motioned the court for a substitution of

    judge as a matter of right.

10   Co-Plaintiff seeks this substitution of Judge as a matter of right

11  based on the February 18, 2008 show cause order, Co-Plaintiff's April 17,

12  2008 motion to intervene, the June 3, 2008 order, June 27, 2008 opposition

13  and motion for substitution of judge, and all pending motions and

14  reconsiderations now before this court.

15  **II. FACTUAL SUMMARY**

16   On or about December 11, 2007 Co-Plaintiff moved to dismiss Mr.

17  Goins as counsel and moved to strike the pleadings in C07-04781MEJ now

    C05-04977VRW. On or about December 13, 2007 an order was issued rendering

18  the captioned cases and actions as related. On or about December 19, 2007

19  Co-Plaintiff submitted a reconsideration of the order relating and

20  subsequently consolidating the cases.

21   On or about December 26, 2007 Co-Plaintiff filed an opposition on

22  the motions and declaration of Mr. Goins December 18, 2007 motion to

23  withdraw, Co-Plaintiff also filed at this time an order to show cause for

24  why Mr. Goins should not be held accountable for his attorney negligence.

25

On or about February 14, 2008 a hearing was convened reportedly to discuss Mr. Goins negligence, attorney misconduct and failure to respond to the order to show cause for why he should not be held accountable for his attorney misconduct. Mr. Goins negligence and failure to respond to Co-Plaintiffs show cause order was not addressed by the court.

On or about February 19, 2008 an order was issued on the show cause hearing which required Co-Plaintiff to show cause in writing on or before April 30, 2008 to determine if the action should not be dismissed without prejudice for absence of counsel. On or about April 17, 2008 Co-Plaintiff filed a "motion to intervene" pursuant to **FRCP 24**.

On or about June 3, 2008 an order was issued informing Co-Plaintiff that the court would treat the April 17, 2008 motion of Co-Plaintiff as a response to its February show cause order, and a hearing was scheduled for July 10, 2008 at 2:30 p.m. The Defendants were advised to respond with and an opposition on or before the 19th of June.

On or about June 19, 2008 the Defendants filed a "motion to dismiss" disguised as an opposition to Co-Plaintiffs motion to intervene. Co-Plaintiff responded with an opposition and a motion for substitution of judge as a matter of right on or about June 27, 2008. Co-Plaintiff at this time provides this court with a statement of objection to the June 10, 2008 hearing and request for the assignment of a new judge.

**III. LEGAL ARGUMENT**

Co-Plaintiff respectfully moves this court by reference and renotice of the June 27, 2008 filing to assign the aforementioned captioned cases and motions to a new judge "forthwith." **See 28 U.S.C. §144**

3

1

"When ever a party to any proceeding in a district court makes and

2

files a timely and sufficient affidavit that the judge before whom the

matter is pending has a personal bias or prejudice either against or in

3

favor of any adverse party, such judge shall proceed no further therein,

4

but another judge shall be assigned to hear such proceeding."

5

Contrary to these rules Judge V. Walker has refused to recuse

6

himself; therefore, requiring Co-Plaintiff to bring the following

7

statement of objection.

8

Pursuant to CCP §170.3(c)(1) "If a judge who should disqualify

9

himself or herself refuses or fails to do so, any party may file with the

10

clerk a written verified statement objecting to the  hearing or trial

11

before the judge and setting forth the facts constituting the grounds for

disqualification of the judge."

12

First it is Co-Plaintiffs position, pursuant to the February 18,

13

2008 show cause order; Judge V. Walker failed to adhere to the Civ.LR 11-7

14

(b)(2), "If no response is received to an order to show cause within 30

15

days of mailing, the Chief Judge shall make an independent review of the

16

record of the other proceeding to determine that there was no deprivation

17

of due process, sufficient proof of misconduct, and that no grave

18

injustice would result from the imposition of discipline. The Chief Judge

19

shall issue an appropriate order." Judge V. Walker did not address the

allegations of Mr. Goins misconduct and negligence and further ignored Mr.

20

Goins failure to respond to the show cause order and Plaintiffs statement

21

of non-opposition and prayer for relief.  See Civ.LR 7-3(b).

22

23

24

25

4

Second, the February 2008 show cause hearing was supposed to be about Mr. Goins negligence, in that he failed to respond to the Defendants motions, filed a "complaint for damages," rather than an appeal; and by filing a "complaint for damages," without Plaintiff's request consent or verification altered, and compromised Co-Plaintiff and her minor sons standing in the C05-04977VRW. Thereby, resulting in an obstruction to Co-Plaintiff and her minor child's right to an appeal and an exhaustion of due process remedies as required under the state model APA.    Judge V. Walker did not at anytime address Mr. Goins negligence or misconduct.

Mr. Goins  negligence is not merely a matter of disagreement between Co-Plaintiff and counsel as the show cause order of Judge V. Walker explicitly implied it is however, a matter of malice and moral turpitude in which Mr. Goins acted out willfully knowing that Co-Plaintiff and her son were not entitled to any such erroneous claims for damages for the 04-05, 05-06, 06-07 school year as Co-Plaintiff and her minor son were not the prevailing party in the 07' OAH hearing decision and such erroneous allegation has resulted in an impairment to Plaintiffs claims.

Third, the show cause order of February 18, 2008, ignored the fact that Co-Plaintiff, Linda Pedraza is a party to the complaint before this court, and has the right as a parent to represent her procedural and substantive IDEA claims in pro-se pursuant to a federal statute **28 U.S.C. §1654**.

Fourth, the Judge disregarded the fact that the chief differences in the C05-04977VRW, and the 07' "complaint for damages" filed and signed by Mr. Goins (without our request, consent or verification), was that Plaintiffs were not the prevailing party in the 07' OAH hearing decision and "complaint for damages"; and hence would not be entitled to any such damages as erroneously alleged by former counsel Mr. Goins.

5

1    Fifth, Judge V. Walker refused to acknowledge that Mr. Goins conduct

2    in the filing of the 07' "complaint for damages," had substantively and

     materially altered and impaired Co-Plaintiff and her minor child's case

3    standing in C05-04977VRW which subsequently resulted in the Defendants

4    November laches and estopple and motion to dismiss.

5        Mr.   Goins   negligence   further   resulted   in   the   obstruction   of

6    Plaintiffs right to due process, and a fair trial in a fair tribunal;

7    subsequently, Judge V. Walker granted Mr. Goins the right to withdraw

     without disciplining him for his negligence and misconduct and his role in

8    conspiring with the Defendants to interfere with Plaintiffs civil rights.

9    **See U.S.C. 42 §1985 (2)**

10       Co-Plaintiffs sixth cause for disqualification follows the December

11   13, 2008 order relating and subsequently consolidating the state court

12   appeal. (C07-05989VRW) Co-Plaintiff argued that exceptions to IDEA's

13   exhaustion requirement derive not from judicial doctrine but from the

14   statue's unambiguous legislative history. **See Heldman 962 F.2d at 158-59 &**

15   **n. 11**

16       Therefore explaining that such exceptions are not judicially-created

     exceptions and that ordinarily would signify a claim-processing rule;

17   rather, they are effectively, statutory exceptions that courts must follow

18   to carry out the clear intent of Congress. Accordingly, district courts

19   possess jurisdiction over unexhausted claims "only" when one or more of

20   these exceptions applies.    Any other conclusion would violate the

21   principle that "only" Congress may determine a lower federal court's

22   subject matter jurisdiction. **See Kontrick, 540 U.S. at 452-53. 124 S.Ct.**

23   **906.**

24

25

                                      6

1

2

3

Co-Plaintiffs seventh cause for disqualification follows the July 3, 2008 order, where Judge V. Walker subsequent to the Defendants consent by non-opposition to Co-Plaintiffs "motion to intervene," allowed the Defendants additional time to oppose Co-Plaintiff's motion.

4

5

6

Pursuant to **FRCP 60(b)** and **FRCP 12(f)** Co-Plaintiff moved to strike the pleading in the 07' "complaint for damages" filed by Mr. Goins our motions have been ignored by Judge Walker.

7

8

9

Judge V. Walker further refused to recuse himself pursuant to Co-Plaintiff's motion for substitution of judge as a matter of right, and Co-Plaintiff hereby objects to the July 10, 2008 hearing and all decisions and orders rendered at and subsequent to that time.

10

11

12

13

14

May the record be further established to show that a new judge is certainly warranted at this time; as it is evident pursuant to Co-Plaintiffs statement of objection that no treatment clear of bias exist in the rulings, and actions as provided by Judge V. Walker. *See Civ. L. R. 11-6*

15

16

17

18

Co-Plaintiff also requested and maintain the request for the Defendants motions be stayed pursuant to **FRCP 62(b)** as we await the assignment of a new judge, and a response to the motions before the court as outlined in Plaintiffs June 27, 2008 opposition and motion for substitution of judge.

19

20

21

22

23

24

25

7

1    Co-Plaintiff's objection is based on the aforementioned actions of
2    Judge V. Walker, and on the grounds that a clear and *imminent* bias and
3    prejudice exists in this case which has impaired Co-Plaintiff and her
4    minor child's claims.   It is for these reasons Co-Plaintiff requests the
     assignment of a new judge forthwith.

5       I declare under the penalty of perjury under the laws of the state
6    of California the foregoing statements to the best of my knowledge and
7    belief contains the relevant facts relating to our request and such facts
     are true and correct.
8

9
         Dated:   July 21, 2008
10
                                              Linda L. Haynes-Pedraza
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                     8

## PROOF OF SERVICE

I, C A R L V I N   J V S T I C e, declare that I am over the age of eighteen years and not a party to the within action. My business address is 1414 62nd Street, Emeryville, California 94608.

On the date below, I served the following document(s):

**Statement of Objection and Clerks Second Notice and Motion for Substitution of Judge**

On each interested party in said cause as indicated below:

___ by facsimile
X (by U.S. Certified Express Mail Overnight) I caused a copy of said pleadings to be sent by overnight mail to the parties listed below:
X by personal service: Cora Klein, Deputy Clerk, The Clerk of the NDCC

The Clerk of the Court
NORTHERN DISTRICT COURT OF CALIFORNIA
450 Golden Gate Ave., 16th Floor
San Francisco, CA 94109

The Honorable Vaughn Walker
Appointee Thereof, Cora Klein, Deputy Clerk
450 Golden Gate Ave., 17th Floor
San Francisco, CA 94109

Katherine Alberts, Claudia Leed
STUBSS & LEONE
2175 N. California Blvd., Suite 900
Walnut Creek, California 94596

Greg Wedner,
LOZANO SMITH
2000 Crow Canyon Place, Suite 5319
Sacramento, CA 95814

Office of Administrative Hearings
Special Education Division
Sherianne Laba, Presiding ALJ
2349 Gateway Oaks Drive, #200
Sacramento, CA 95833-4231

Terri A. McFarland, DGC
CALIFORNIA DEPARTMENT OF EDUCATION
1430 N. Street, Suite 5319
Sacramento, CA 95814

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 22, 2008 in the county of Alameda.

_____
Signature